UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISA McKINNEY

        Plaintiff,                      CIVIL ACTION NO. 09-11947

       v.                               DISTRICT JUDGE BERNARD A. FRIEDMAN

TRANS UNION, LLC, EQUIFAX      MAGISTRATE JUDGE VIRGINIA M. MORGAN
CREDIT INFORMATION SERVICES,
LLC, EXPERIAN INFORMATION
SOLUTIONS

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

This case comes before the court on defendant Equifax's Motion for Summary Judgment. All pretrial motions for this case are referred to the undersigned (D/E #6). For the reasons stated below, the court recommends that Equifax's Motion for Summary Judgment be **GRANTED**.[1]

**II.  BACKGROUND**

Plaintiff McKinney filed a complaint against the defendants in the 3rd Circuit Court in Wayne County, Michigan, on February 2, 2009 (D/E #1). In McKinney's complaint, she alleges that the defendants breached the agreement and committed "fraud in the factum" by failing to remove negative credit trade lines. *Id*. McKinney argues that defendant's failure to remove

---

[1] Defendant Trans Union, LLC, entered into a stipulation of dismissal with prejudice with McKinney on October 13, 2009. Experian Information Solutions was not served and should be dismissed with prejudice since the period for service has expired.

negative remarks on her credit report created a derogatory credit file. *Id*. McKinney demands that the negative remarks be removed within four days and bases her claims on various UCC and M.C.L.A. statutes. *Id.* Further, McKinney requests that the court discharge the alleged debt, delete and restore a credit trade line to a positive manner, convey title of property to McKinney, and have all liens released and canceled on the property.[2] Further, McKinney asks for equitable relief and attorney fees. *Id.* McKinney is not represented by an attorney.

Defendant Trans Union, LLC, removed the case to U.S. District Court in the Eastern District of Michigan on April 27, 2009, and co-defendant Equifax Credit Information Services, LLC, consented to the removal (D/E #1). Experian Information Solutions was not properly served and is dismissed from this case.

On July 8, 2009, a scheduling conference was held with the court. McKinney and defendants Equifax and Trans Union agreed to provide Rule 26(a)(1) mandatory disclosures and complete written discovery by August 30, 2009 (D/E #12). This court also ordered that if no resolution could be reached between the parties that another status conference would be held on September 9, 2009. *Id.* McKinney did not appear for that status conference as ordered (D/E #14).

On August 25, 2009, Trans Union filed a Motion for Summary Judgment (D/E #13) and McKinney responded to that motion on September 28, 2009 (D/E #15). McKinney and Trans Union submitted a stipulated order of dismissal and Trans Union was dismissed from this case on October 13, 2009 (D/E #21). Equifax filed this Motion for Summary Judgment on October 9, 2009 (D/E #19).

---

[2] The court does not know what property McKinney is requesting relief for, nor any facts as to why she expects the court to clear these debts.

In defendant Equifax's Motion for Summary Judgment, Equifax argues that the relief the McKinney has requested is not available under the FCRA 15 U.S.C. § 1681 *et seq*. *Id.* Further, Equifax alleges that McKinney has not responded to any discovery requests, including requests for admissions and has failed to appear for deposition, and that it cannot determine what McKinney is claiming. *Id*.

### III.  STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al.*, 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole

could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (*quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

## IV. ANALYSIS

McKinney's *pro se* complaint is unclear as to the nature of her injuries and the extent of the defendant's involvement in the harm. *Pro se* litigants are given more leeway when filing complaints and are not held to the same standards as attorneys. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, if a *pro se* litigant fails to give enough facts to show why she is entitled to relief, then the court may dismiss the case. *Id*. The court must give the *pro se* plaintiff adequate time to produce the requisite proof during the discovery period. *Id*. Since McKinney did not give facts to support her claims in her complaint, the discovery in this case was of extreme importance. McKinney did not participate in any discovery and consequently, dismissal is appropriate.

### A. Plaintiff's Failure to State a Claim Against Equifax

Equifax argues that McKinney should have filed her entire complaint under 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act, and not under the UCC or Michigan commercial statutes. The UCC and the M.C.L.A. statutes regulate commercial contracts and commercial dealings, not credit reporting agencies. McKinney does allege a violation of the FCRA by "the defendants misrepresent[ing] the legal authority to not block the data" for "four business days" (D/E #1).

The minimal facts given by McKinney in her complaint and her answer to Trans Union's summary judgment motion (D/E #15) does not suggest that she had a commercial contract or commercial business dealings with any of the credit reporting agencies. McKinney cited UCC 2-

4

609, M.C.L.A. 440-2609, UCC 3-302, and M.C.L.A. 440-3302 in her complaint. The section UCC 2-609 and M.C.L.A. 440-2609 deal with "Contract for sale; performance; insecurity, demand, and assurance of due performance." M.C.L.A. 440.2609. These sections, UCC 3-302 and M.C.L.A. 440-3302 deals with a holder in due course. Since the FCRA is the proper statute, the court will not further consider the irrelevant Michigan statutes, but will address McKinney's claims under FCRA in turn below.

1. **Identity Theft Statute**

The FCRA requires credit-reporting agencies to block negative reports resulting from proven identity theft or fraud within four days and the consumer must identify the inaccuracy (15 U.S.C. § 1681c-2(a)).

The relevant portion of the statute states:

> Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of--
>
> **(1)** appropriate proof of the identity of the consumer;
>
> **(2)** a copy of an identity theft report;
>
> **(3)** the identification of such information by the consumer; and
>
> **(4)** a statement by the consumer that the information is not information relating to any transaction by the consumer.

(15 U.S.C. § 1681c-2(a)).

Equifax argues that it received no prior complaints nor had any prior contact with McKinney for the previous five years. *Id*. In addition, Equifax received no information from McKinney that she was disputing a claim of identity theft or fraud. *Id*. McKinney demanded in

her complaint that her positive credit be restored within four days citing to § 1681c-2. McKinney has never alleged identity theft in any court documents or to Equifax and because she never reported or alleged identity theft, she has not stated a claim under FCRA.

### 2. Plaintiff has the Burden to Prove Inaccuracies.

Under 15 U.S.C. § 1681i(a), a credit reporting agency must investigate disputed information free of charge as the consumer's request. A violation of this statute does not exist if an inaccuracy cannot be shown to exist. 15 U.S.C. § 1681i(a).

Equifax argues that multiple circuits find that the plaintiff must prove that an inaccuracy exists to successfully bring a 1681i claim (D/E #19) and that McKinney failed to state what, if any, information in her credit report was inaccurate. *Id*. McKinney did not submit any factual evidence in her complaint to support that her credit report is inaccurate. In addition, McKinney fails to show why the court should force Equifax to restore the information to reflect a positive report. McKinney has the burden to prove an inaccuracy in her credit report; however, she has failed to submit any evidence of inaccuracies in her complaint or in discovery. McKinney, therefore, has not stated a claim under FCRA for inaccuracies on her credit report.

### 3. Actual Damages

Damages are not a condition to file a FCRA suit. *Beaudry v. Telecheck Services, Inc*., No. 08-6428, *3, 2009 WL 2633205 (6th Cir. August 28, 2009). Actual damages may be recovered as an alternative to recovering statutory damages. *Id.* No "identifiable or measurable damages" need to exist as to whether any injury existed. *Id.* Further, no proof of the damages needs to be shown to prevail under the FCRA. *Id.* at *1.

Defendant Equifax argues that McKinney must allege and prove actual damages to prevail on a FCRA claim (D/E #19). In addition, Equifax states that there is no evidence of

actual damages and that injunctive and declaratory relief are not available to a FCRP plaintiff. *Id*. In this case, the plaintiff asks for performance of the defendant credit reporting agencies, equitable relief, and attorney fees and costs. Since McKinney filed *pro se*, no attorney fees or costs will be considered. However, the equitable relief can be requested without actual proof of actual damages existing. McKinney did not need to allege that damage was done to her because of the defendant's actions.

McKinney has failed to state a claim on which relief could be granted. McKinney also seeks relief that does not apply to her under the UCC and M.C.L.A., and relief that is not recoverable under FCRA (if that is the statute she intended to use in her initial complaint). In addition, McKinney's claim to have her credit report restored to a positive manner fails for a complete lack of evidence or facts to support her claim.

### B. Plaintiff's Failure to Respond and Appear

Alternatively, McKinney's failure to respond allows the court to dismiss this complaint without further action. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). Whether or not McKinney's conduct was intentional does not matter when there is a record of delay. *Id.*

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

McKinney failed to respond to discovery requests, failed to appear for her deposition, failed to appear, or contact the court regarding her appearance, at a court-ordered status

7

conference, and has failed to respond to this Motion. Further, McKinney failed to respond to any voicemail messages prior to the close of discovery on August 30, 2009 (D/E #14), and has only responded to defendant Trans Union's Motion for Summary Judgment (D/E #15).

Based on McKinney's numerous failures to respond and failure to appear at the status conference, it is recommended that her complaint be dismissed.

## V. CONCLUSION

For the reasons stated above, the court recommends that defendant Equifax's Motion for Summary Judgment be **GRANTED,** and that McKinney's complaint be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: November 30, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Alisa McKinney via the Court's ECF System and/or U. S. Mail on November 30, 2009.

                    s/J. Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan